UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY HENDON, | ) | CASE NO. 5:15 CV 750 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| DAVID DOAK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Jimmy Hendon filed this action under 42 U.S.C. § 1983 against Portage

County Jail Administrator David Doak, the Portage County Commissioner and John Doe.  In the

Complaint, Plaintiff alleges jail personnel were deliberately indifferent to his serious medical

needs.  He seeks monetary relief.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 2).  That

Application is granted.

**I.  BACKGROUND**

Plaintiff was arrested on April 17, 2013 on the Kent State University campus on an

outstanding warrant stemming from a driving offense.  He states that when he was booked into

the Portage County Jail, he informed jail staff that he was an insulin dependent diabetic.  He contends did not get his prescribed insulin and began to feel ill several days after his arrest.  He claims he attempted to eat but vomited much of the food he consumed.  He also became very lethargic and slept for protracted periods of time.  He asked jail staff for medical attention but was told he would not be permitted to see a physician.  After several more days of similar symptoms, Plaintiff was taken by wheel chair to the infirmary.  He states three nurses examined him but returned him to his cell without treatment or referral to a physician.

Plaintiff's condition further deteriorated.  He was moved to the maximum security area of the jail where he was monitored by video twenty-four hours a day.  He contends that during this time period, he was unable to eat and slept on the floor in a fetal position due to the extreme pain he was experiencing.  He used the intercom system to ask for medical attention, but was told not to use the intercom unless it was an emergency.  He informed the officers that he was having difficulty breathing but his request for help was ignored.

On April 29, 2013, twelve days after his arrest, he was placed in a van to be taken to court.  During the trip, he became so ill that the officers accompanying him had to call an ambulance to transport him to the nearest hospital.  There, he was diagnosed with diabetic ketoacidosis and acute renal failure, both of which could have been fatal if left untreated.  Plaintiff alleges his kidneys had not been functioning for ten days before he received treatment.  He was also diagnosed with an ulcer in his small intestine, an ulcer in his large intestine and a cyst on his lung.  He was hospitalized for seven days.

Plaintiff asserts two claims for relief.  First, he contends jail officials were deliberately indifferent to his serious medical needs in violation of the Fourteenth Amendment.  He claims

-2-

the Jail Administrator and County Commissioners failed to adopt policies to prevent this from happening and failed to train their officers to recognize the signs of illness in a prisoner. Second, Plaintiff asserts the jail officials were grossly negligent for failing to provide him with insulin or to recognize his obvious symptoms of physical distress.  He seeks compensatory and punitive damages as well as an order requiring the Jail Administrator and County Commissioners to develop policies to provide medication and medical attention to sick inmates.

## II.  LAW AND ANALYSIS

### Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the

pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**County Commissioners**

As an initial matter, Plaintiff sues Jail Administrator David Doak and the Portage County Commissioners in their official capacities.  An official capacity damages action against a municipal officer is the equivalent of a damages action against the municipality itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  In this case, Plaintiff's claims against the Portage County Commissioners and the Jail Administrator, in their official capacities, are the equivalent of claims asserted against Portage County.

To establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). When claims are asserted against a municipality under § 1983, Plaintiff must allege facts suggesting: (1) he was deprived of a constitutional right; and (2) the County is responsible for that deprivation. *Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 505-06 (6th Cir. 1996).

-4-

Here, Plaintiff alleges his Fourteenth Amendment rights were violated when he was denied proper medical care in the Portage County Jail.  The Eighth Amendment prohibition on cruel and unusual punishment protects convicted prisoners from the 'unnecessary and wanton infliction of pain.'" *Baker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).  Claims of deliberate indifference to serious medical needs brought by pretrial detainees are asserted under the Due Process Clause of the Fourteenth Amendment, *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983), but are analyzed under the same rubric as Eighth Amendment claims brought by prisoners.  *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

In the context of a claim regarding medical treatment, an inmate must show that he was suffering from a "serious" medical need; and that the prison officials were "deliberately indifferent" to the serious medical need.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Plaintiff alleges he is an insulin dependent diabetic and was suffering from high blood sugar, renal failure, ulcers and a cyst on his lung.  At least two of those conditions could have been fatal if he had not been treated.  He alleges he requested medical treatment from several corrections officers and was examined by three nurses, all of whom failed to procure treatment for his condition.  On the face of the pleading, he states a plausible claim for relief under the Fourteenth Amendment.

Having determined that Plaintiff alleged a constitutional violation, the Court must next consider whether the County is responsible for that violation.  As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability.  *See Monell v. Department of Soc. Servs.*, 436 U.S. 658,

691(1978).  In other words, Plaintiff cannot base his claims against the County on the wrongful

actions of jail employees.  Rather, he must show that the County itself is the wrongdoer.  *See Id;*

*Collins v. City of Harker Heights*, 503 U.S. 115, 120-22 (1992).

      Under *Monell*, the County cannot be held liable unless Plaintiff can establish that an

officially executed policy, or the toleration of a custom within the County led to, caused, or

resulted in the deprivation of a constitutionally protected right.  *Monell*, 436 U.S. at 690-91.  A

"custom" for purposes of *Monell* liability must "be so permanent and well-settled as to

constitute a custom or usage with the force of law."  *Monell*, 436 U.S. at 691; *Doe v. Claiborne*

*Cnty*, 103 F.3d at 507.  In turn, force of "law" must include "[d]eeply embedded traditional ways

of carrying out state policy."  *Doe v. Claiborne Cnty*, 103 F.3d at 507-08 (quoting *Nashville,*

*Chattanooga & St. Louis Ry. Co. v. Browning*, 310 U.S. 362, 369 (1940)).  It must reflect a

course of action deliberately chosen from among various alternatives.  *Id.* (citing *City of*

*Oklahoma v. Tuttle*, 471 U.S. 808, 823 (1985)).  A "custom" is a "legal institution" not

memorialized by written law.  *Id.*  In addition, Plaintiff must also show a direct causal link

between the policy or custom and the constitutional deprivation.  *Id.*  He must "'show that the

particular injury was incurred because of the execution of that policy.'"  *Garner v. Memphis*

*Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993).  "This requirement is necessary to avoid *de facto*

*respondeat superior* liability explicitly prohibited by *Monell*."  *Doe v. Claiborne Cnty*, 103 F.3d

at 508.

      In this case, Plaintiff does not appear to allege the County had a policy or custom of

refusing medical treatment to jail inmates.  Instead, he appears to allege that the County did not

have policies in place to prevent this type of incident from occurring.  To state a claim for

municipal liability based on theory of inaction, the Plaintiff must establish: (1) the existence of a clear and persistent pattern of denial of medical care by jail employees; (2) notice or constructive notice on the part of the County; (3) the County's tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and (4) that the County's custom was the "moving force" or direct causal link in the constitutional deprivation. *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989)).

Plaintiff's theory of inaction comes in the form of a "failure to train" allegation.  It is "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Harris*, 489 U.S. at 389. Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 410 (1997).  To hold the municipality liable, Plaintiff must show that the municipality was aware of prior unconstitutional actions by its employees and failed to take corrective measures. *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir.1997).  Mere allegations that an officer was improperly trained or that an injury could have been avoided with better training are insufficient to prove liability. *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998).

Here, Plaintiff does not allege any facts to suggest Portage County was aware that inmates in the County Jail were being denied medical care and failed to take action to train its employees or to take other actions to prevent further injury.  Instead, Plaintiff seems to allege his

injuries could have been prevented if the jail officers were better trained to recognize serious medical conditions or if they developed better policies for dealing with inmates complaining of illness.  These allegations are not sufficient to state a claim against the Municipality and would amount to proceeding on a theory of *respondeat superior*.

This leaves Plaintiff's claim against a John Doe Defendant under 42 U.S.C. § 1983 and his tort claims for gross negligence against all of the Defendants.  While Plaintiff may have stated a plausible claim for deliberate indifference to serious medical needs under the Fourteenth Amendment, he has not identified a Defendant against whom the claim can be asserted.  Plaintiff includes a John Doe Defendant; however, he mentions several corrections officers and nurses and does not sufficiently identify which of these individuals, if any, is John Doe.  Furthermore, gross negligence is state law claim.  For the Court to exercise supplemental jurisdiction over Plaintiff's state law claims, Plaintiff must have  federal law claims before the Court .  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).  At this point, Plaintiff has not identified a Defendant against whom his federal claim can be asserted and his Complaint, as written, is subject to dismissal without prejudice.  Due to the seriousness of the allegations in the pleading, however, the Court will allow Plaintiff thirty days to amend his Complaint to identify a Defendant against whom his claims may be asserted.  If Plaintiff does not identify a Defendant against whom a claim may be asserted, this action will be dismissed.

### III. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted.  His claims under 42 U.S.C. § 1983 against David Doak and the Portage County Commissioners are dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to

28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]
Because Plaintiff's only remaining federal claim is asserted against John Doe, and Plaintiff does
not adequately identify this individual in the Complaint, the Court is unable to review any
claims asserted against this Defendant or forward the Complaint to the Marshals for service on
this Defendant.  Plaintiff is ordered to file an Amended Complaint within thirty days to identify
a Defendant against whom his claims may be asserted.  If he does not amend his Complaint to
identify John Doe or any other Defendant, this action will be dismissed without prejudice.

      IT IS SO ORDERED.

      s/ Christopher A. Boyko
      CHRISTOPHER A. BOYKO
      UNITED STATES DISTRICT JUDGE

DATED:  August 20, 2015

---

[1]    28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not
taken in good faith.